OPINION
Defendant John Frazee appeals a judgment of the Court of Common Pleas of Knox County, Ohio, convicting and sentencing him for felonious assault after appellant pled guilty. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERRORS
 ASSIGNMENT OF ERROR #1: THE TRIAL COURT BELOW ERRED AS A MATTER OF LAW BY ACCEPTING DEFENDANT'S PLEA OF GUILTY, WHEN THE DEFENDANT WAS NOT AWARE OF IMPORTANT PROSECUTION EVIDENCE IN HIS FAVOR AND THUS CANNOT BE SAID TO HAVE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED HIS PLEA OF GUILTY.
 ASSIGNMENT OF ERROR #2: THE PROSECUTION FAILED TO DISCLOSE MATERIAL EVIDENCE AS REQUIRED BY RULE 16(B)(1)(C) THAT RESULTED IN A DENIAL OF DUE PROCESS UNDER THE CONSTITUTIONS OF OHIO AND THE UNITED STATES.
The record indicates appellant pled guilty to striking Brenda Welch in the face, injuring her eye. Welch and Frazee had been living together. Several weeks after appellant was indicted, Brenda Welch send a letter to the court, pleading for leniency for appellant. Welch informed the court she had been the aggressor, and appellant did not mean to injure her when he struck her. The court had the letter filed in the case file, but did not give a copy to the prosecuting attorney, nor to the defense attorney.
 I and II
Appellant argues he would not have pled guilty had he known of the existence of this exculpatory evidence in the record. Appellant urges the trial court should not have accepted his plea of guilty, because his plea was not knowingly, intelligently, and voluntarily entered.
At the outset, we note this letter does not in fact contain any exculpatory evidence. To the contrary, the victim asserts appellant did in fact strike her, injuring her eye.
In the letter, Welch informs the court she will not be a party to placing appellant in jail. While appellant may in fact not have pled guilty had he known one of the State's witness was uncooperative, this does not render his plea involuntary. As the State points out, appellant understood the charges against him. Had the matter gone to trial, the State's witness list included not only the victim, but members of the police force and the physician who treated the victim. Also, appellant had waived hisMiranda rights and given an inculpatory statement to police. The State points out the record does not demonstrate the prosecution was even aware of the letter, which was sent to the judge assigned to appellant's case.
We have reviewed the record, and we find the State did not fail to provide appellant with exculpatory evidence as required by Crim.R. 16, and further, the court did not err by accepting appellant's plea of guilty under these facts.
Both assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Wise, J., concur
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.